HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOD SUPER FAST PIZZA, LLC, a Delaware Corporation,

          Plaintiff,

    v.

CARL CHANG, et al,

          Defendants.

Case No.: 2:12-cv-01359-TSZ

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

<u>JURY TRIAL DEMANDED</u>

Plaintiff MOD Super Fast Pizza, LLC ("MOD"), alleges as follows:

1.     This is an action at law and in equity for trade dress infringement arising under 15 U.S.C. § 1125(a) ("Lanham Act"); misappropriation of trade secrets arising under Washington State's Trade Secrets Act (RCW 19.108 et seq.); and tortious interference with contractual relations, breach of contract, civil conspiracy, and permanent injunctive relief arising under the common law.

2.     Defendants own and/or operate at least one restaurant in southern California under the name "Pieology Pizzeria." Pieology Pizzeria's design, look, feel, menu, and style of service are confusingly similar to those of Plaintiff MOD's pizzeria restaurants. Pieology Pizzeria is not connected or affiliated with, or authorized by, MOD in any way. Defendants' restaurant is likely to cause confusion and to deceive consumers and the public regarding its source, and actually or likely dilutes the distinctive quality of MOD's trade dress. Moreover,

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2:12-cv-01359-TSZ
52258-002\ 1793058.docx

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Pieology Pizzeria operates its business using MOD's trade secrets and other proprietary know-how without MOD's authorization and without compensation to MOD.

## I. PARTIES

1.       MOD is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Seattle, Washington.

2.       On information and belief, Defendant Carl Chang ("Mr. Chang") is a resident of Orange County, California, and principal of CMCB Ventures, LLC ("CMCB").

3.       On information and belief, CMCB Ventures, LLC is a corporation organized under the laws of the State of Washington, with its principal place of business in Rancho Santa Margarita, California.  On information and belief, the managing member of CMCB Ventures, LLC is publicly identified as "CMCB, LLC," an entity whose corporate status and history are presently unknown to Plaintiff.

4.       On information and belief, Defendant Pieology Spectrum, LLC ("Pieology LLC") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Rancho Santa Margarita, California.  On information and belief, Mr. Chang is a member of Pieology LLC.

5.       On information and belief, Defendant The Little Brown Box Pizza, LLC ("LBBP") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Rancho Santa Margarita, California.  On information and belief, LBBP owns Defendant Pieology and Mr. Chang is the sole manager of LBBP.

6.       On information and belief, Defendant Pieology Franchise, LLC ("Franchise") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Rancho Santa Margarita, California.  On information and belief, Franchise is wholly-owned by LBBP, its sole member, and is managed by Mr. Chang.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2:12-cv-01359-TSZ

52258-002\ 1793058.docx

-2-

## II.   JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over Plaintiff's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

2.      Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events, acts, or omissions on which the claims are based occurred in the Western District of Washington.

3.      This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have engaged in acts or omissions within Washington causing injury, have engaged in acts or omissions outside of Washington causing injury within Washington, or have otherwise made or established contacts with Washington sufficient to permit the exercise of personal jurisdiction.

## III.   FACTS

### CREATION AND DEVELOPMENT OF MOD'S
### TRADE DRESS AND TRADE SECRETS

1.      MOD was created by a team consisting of Scott and Ally Svenson, James Markham, Michael Klebeck, and Seattle-based private investment firm the Sienna Group. Defendant CMCB, through its principal, Defendant Carl Chang, was one of MOD's early outside investors.

2.      MOD was formed in Delaware in February 2008 under the name Social Pizza, LLC ("Social Pizza"), and became licensed to do business in Washington State that same year. In December 2008, Social Pizza, LLC changed its name to MOD Super Fast Pizza, LLC.  All references in this Complaint to MOD therefore encompass and include by reference Social Pizza. The Chairman of MOD's Board of Directors is Scott Svenson.

3.      MOD currently owns and operates six restaurants in the Seattle metropolitan area: MOD1 (opened in 2008), located in One Union Square in downtown Seattle; MOD2 (opened in 2010), located in Bellevue, Washington; MOD3 (opened in 2010), located in the University

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2:12-cv-01359-TSZ
52258-002\ 1793058.docx
-3-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

District of Seattle; MOD4 (opened in 2011), located in the Capitol Hill neighborhood of Seattle; MOD5 (opened in 2011), located in Lynnwood, Washington; and MOD6 (opened in 2012), located in the Seattle Center area of Seattle.

4.      More MOD locations in the greater Puget Sound area are under construction and will open very soon.  Additionally, Plaintiff has the ability, intent, and strategic plan to expand its operations in the near future to other west coast markets, including but not limited to southern California.

5.      From the day the first MOD restaurant opened, MOD has featured a distinctive, non-functional combination of design, look, feel, menu, and style of service.  These characteristics are the product of significant effort, time, financial resources, commitment, and professional training and experience expended by MOD and its members, principals, employees, and agents.  The word "MOD" itself stands for "Made On Demand," a reference to the made-on-demand feature of MOD's personal pizzas, which are cooked at a very high temperature in MOD's gas-fired display ovens.  The word "MOD" also refers to British and American "Mod" culture of the late 1950s and early 1960s, which is reflected in various "retro" design elements of MOD's pizza restaurants, as well as to the word "modern," which is reflected in MOD's innovative approach to delivering artisan-quality products as part of a fast food experience.

6.      Since introducing its trade dress, MOD has expended substantial resources promoting its restaurants and their distinctive, non-functional combination of features.  As a result of MOD's continuous and exclusive use of its trade dress in connection with its pizza restaurants, consumers now recognize and associate the MOD trade dress with MOD and identify MOD as the source of MOD's products and services.

7.      The recognition and popularity of the MOD trade dress is evident from popular press reports, including the following:

> If you're a fan of 'clean and simple,' you'll enjoy MOD's decor.  The restaurant has a retro feel to it that's both friendly and upbeat, with high ceilings and plenty of booths and tables at which to sit.  It's big-group friendly, so if you and 12 of your best friends are all craving gourmet pizza, you won't feel crammed at MOD...

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2:12-cv-01359-TSZ

52258-002\ 1793058.docx                     -4-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

As for the service, it's fast.  When your pie's ready, MOD's friendly 'squad' members will shout your name so you know to pick it up.  It's a little exciting when that happens — makes you feel special and actually adds to the whole 'individualized' experience.

*The Daily of the University of Washington,* "Chow Time: Eating With Kat Chow," June 23, 2010.

Located across the street from Bellevue Square, the restaurant has a super slick, hip, modern vibe. MOD stands for Made On Demand and that's exactly what happens.  Choose one of their 10 specialty pizzas or create your own.  Then it is made right before your eyes and quickly placed in their super hot oven.  Less than five minutes later, they are calling your name to pick up your pizza.

The pizzas are slightly larger than a regular personal size pizza and are simply made with fresh ingredients.  The crust is thin with a puffy edge that shows blistering and charring from the hot oven…Every time we leave this restaurant, we lament that there isn't a place like this closer to home.  Maybe it's a good thing that there isn't one in our neighbourhood [sic].  The quality, service and price would have us here every week.

*EatPNW* [eatpnw.com], "MOD Pizza," June 11, 2011.

The idea at MOD Pizza is tasty simplicity — an artisan-style, thin-crust pizza, moderately priced and served to the customer with speedy efficiency.

MOD, which stands for "made-on-demand," uses only quality, fresh ingredients with homemade sauce and dough.

The great catch is an unbeatable price of $6.88 for a single topping or add on everything but the kitchen with all 28 topping choices.

Their superhot 800-degree stone ovens cook up the pizzas at a fast pace, and when we've eaten there (seven times at last count) our pizzas were done in less than five minutes.

*Seattle Times,* "MOD's pizzas are fast, tasty, and inexpensive," January 13, 2012.

8.      As a result of MOD's extensive use and promotion of its trade dress, MOD has built up and now owns valuable goodwill that is symbolized by and derived from the trade dress.

9.      MOD's valuable trade secrets include its dough and sauce recipes; specific cooking equipment and pizza-making techniques; and confidentially developed trade names, design elements, and branding concepts.  These trade secrets were developed by MOD's creators and founders over the course of years, through the expenditure of substantial time, effort, and resources.  For example, the name "Pieology" and related design elements were developed by

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2:12-cv-01359-TSZ

52258-002\ 1793058.docx

-5-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1   MOD using MOD's resources.  MOD chose "MOD" over "Pieology" to be the name for its pizza

2   restaurants.

3                              **DEFENDANTS' BACKGROUND WITH MOD**

4          10.    In April 2008, MOD co-founder James Markham became a member and officer

5   of, unit holder in, and employee of MOD.  In exchange for 400 "Class B Units," Mr. Markham

6   agreed to contribute to MOD "all of Markham's goodwill, right, title and interest in and to

7   [MOD's] Intellectual Property...including, without limitation...all intellectual property rights

8   related to (directly or indirectly) any transferred Intellectual Property."

9          11.    Through a Contribution Agreement he entered with MOD, Mr. Markham agreed

10  that the "Intellectual Property" he contributed to MOD includes "pizza recipes"; "proprietary and

11  confidential information, including know how and techniques related to the business of MOD";

12  "logos, trade names, trade dress, trademarks, service marks"; and "all embodiments of the

13  foregoing in any form and embodied in any media."

14         12.    Through a Confidentiality and Invention Assignment Agreement (the

15  "Assignment Agreement") he entered with MOD, Mr. Markham agreed, among other things, that

16  MOD's "Intellectual Property"—including the Intellectual Property contributed by Mr. Markham

17  —remains the "exclusive property" of MOD.  Mr. Markham further agreed to "maintain the

18  confidentiality" of MOD's "Trade Secrets" and "Proprietary Information"; to "hold in strict

19  confidence" MOD's "Intellectual Property and Proprietary Information and all Trade Secrets";

20  and not to "distribute, disclose or use any of it except as authorized by [MOD] and for [MOD's]

21  benefit."

22         13.    Mr. Markham agreed that the terms of the Assignment Agreement would remain

23  in force during his employment by MOD and "for an indefinite period following" his

24  employment.  Mr. Markham agreed to the reasonableness of the terms of the Assignment

25  Agreement, including the terms referenced above.

26         14.    Through a Member Agreement he entered with MOD, Mr. Markham agreed that

he would "not at any time, whether during or after his employment by [MOD], take or use, or

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2:12-cv-01359-TSZ
52258-002\ 1793058.docx                                    -6-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1   otherwise disclose to anyone, any Confidential Information of [MOD] or any affiliate thereof,

2   except as necessary to perform his duties hereunder…" Mr. Markham's Member Agreement

3   defines "Confidential Information" to include "any and all trade secrets, ideas, recipes,

4   suggestions, innovations, conceptions, discoveries, strategies, improvements, technological

5   developments, methods, processes, specifications, formulae, compositions, techniques, systems,

6   computer software and programs, notes, memoranda, work sheets, lists of actual or potential

7   customers and suppliers, pricing information and policies, works of authorship, products, data,

8   and information in any form, which concern or relate to any aspect to the actual or contemplated

9   business of [MOD] and which are stamped 'confidential' or are otherwise treated as confidential

10  by [MOD]…."

11      15.     Mr. Markham and MOD subsequently agreed to terminate Mr. Markham's

12  employment by, and membership in, MOD.  Mr. Markham agreed to sell his ownership interest

13  in MOD back to MOD.  In connection with the purchase and sale of Mr. Markham's ownership

14  interest in MOD, Mr. Markham and MOD entered a Waiver and Release Agreement (referred to

15  herein as the "Separation Agreement").  Through the Separation Agreement, and among other

16  things, Mr. Markham (a) released "any claim, interest or right he may have or purport to have in

17  any intellectual property or any other property related to or owned by MOD"; and (b) entered a

18  noncompete agreement with MOD.

19      16.     Pursuant to Mr. Markham's noncompete agreement, Mr. Markham agreed that for

20  18 months following the effective date of the Separation Agreement (January 11, 2010), he

21  would not "directly or indirectly, do anything in the pizza business or industry, regardless of

22  location, that has any of the following characteristics: individual (made-on-demand) pizzas

23  constructed by an individual builder interacting with the customer; all pizzas are the same price

24  regardless of toppings; using the same brand of oven used by MOD." Mr. Markham further

25  agreed that "in perpetuity" he is prohibited from using, among other things, MOD's pizza recipe;

26  "any reference to 'made-on-demand' or any other element or derivative of the MOD branding or
    design."

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2:12-cv-01359-TSZ
52258-002\ 1793058.docx                                    -7-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1    17.    Mr. Markham's noncompete agreement did not expire until July 2011.

2    18.    On or about March 1, 2010, Mr. Markham entered into an agreement as an

3  independent contractor with Defendant LBBP to "assist" LBBP "in the planning, organizing,

4  execution, monitoring, management of resources and control of [LBBP] pizza restaurant

5  concept."

6    19.    On or about June 21, 2010,Mr. Markham also entered into an assignment and

7  confidentiality agreement with Defendant LBBP, purporting to sell to LBBP the name

8  "Pieology" and intellectual property including trade secrets and trade dress associated with the

9  name.  Upon information and belief, LBBP remitted payment to Mr. Markham for these rights

10  and currently purports to own this intellectual property.

11    20.    In May 2008, Defendant CMCB, through its principal, Defendant Carl Chang,

12  became a member of and investor in MOD by purchasing 150 "Class A Units" in MOD.

13    21.    In becoming a member of MOD, CMCB agreed to be bound by MOD's Limited

14  Liability Company Agreement (the "LLC Agreement").  In so doing, CMCB acknowledged,

15  among other things, that it "may have access to proprietary and confidential information

16  regarding [MOD], its products, customers and strategic plans."  CMCB further acknowledged

17  that "such information is of great value to [MOD] and that such information has been acquired

18  by [it] in confidence."  CMCB agreed that it would "not at any time reveal, divulge, or make

19  known, except as authorized by [MOD] or required on its behalf or as required pursuant to legal

20  or administrative process, any information of a proprietary or confidential nature concerning

21  [MOD] or its business...."  As a member of MOD, Mr. Chang received regular confidential

22  updates regarding operational and strategic issues facing the company

23                    **DEFENDANTS' UNLAWFUL ACTIVITIES**

24    22.    On information and belief, Defendant Chang and Mr. Markham formed Pieology

25  LLC in March 2010—less than three months after Mr. Markham signed the Separation

26  Agreement containing an 18-month noncompete agreement.  Pieology LLC became licensed to

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2:12-cv-01359-TSZ
52258-002\ 1793058.docx                    -8-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

do business in California that same year.   Pursuant to these efforts, on March 1, 2010, Defendant LBBP contracted for Mr. Markham's services to assist with its pizza restaurant concept.

23.     On information and belief, Mr. Markham sold to Defendant LBBP his alleged ownership interest in the name "Pieology" and the intellectual property associated with the name including trade secrets, trade dress and confidential information in Jun 2010, while Mr. Markham was subject to the terms of the Separation Agreement and Assignment Agreement.

24.     On information and belief, Pieology LLC opened Pieology Pizzeria ("Pieology") in Fullerton, California in December 2010.  Mr. Markham publicly represents that he "created" "everything you see, feel, touch and eat" at Pieology Pizzeria.  In so doing, Mr. Markham acted in concert with, on behalf of, and for the benefit of Defendants by utilizing, relying on, sharing, taking advantage of, exploiting, and communicating to third parties (a) the intellectual property Mr. Markham had previously contributed to MOD and (b) the confidential information and trade secrets to which Mr. Markham, CMCB, and/or Chang had access by virtue of their prior relationships with MOD, and LBBP's supposed purchase of these intellectual property rights from Mr. Markham in June 2010.  This conduct has never been authorized or otherwise approved by Plaintiff.

25.     On information and belief, Mr. Markham is no longer a member of Pieology LLC and no longer maintains an ownership interest in or professional role with respect to Pieology. Chang, however, continues to maintain an ownership and operational interest in Pieology LLC and Pieology.  As a result, Defendants are benefitting directly from the unauthorized exploitation of MOD's intellectual property, including its trade dress, trade secrets, and confidential information.

26.     Pieology publicly represents that it "prides itself on providing the best tasting, healthiest kustom [sic] pizza in the world. Using only the freshest ingredients, Pieology provides smoking hot pizzas in under 5 minutes."

27.     Pieology's design, look, feel, menu, and style of service are confusingly similar to those of Plaintiff MOD's restaurants. For example:

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2:12-cv-01359-TSZ
52258-002\ 1793058.docx

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1      (a)    Like MOD, Pieology offers individualized pizzas that are constructed by

2  an individual builder who interacts directly with the customer; made to order; cooked at a high

3  temperature in display ovens visible to the customer; and served within a few minutes.

4      (b)    Like MOD, Pieology offers unlimited toppings on its individualized pizzas

5  for a fixed price.

6      (c)    Like MOD, Pieology offers a limited menu of pre-designed pizzas—i.e.,

7  pizzas with toppings already selected.  Like MOD, Pieology identifies these pre-designed pizzas

8  by number (1-10 in the case of MOD; 1-7 in the case of Pieology), and offers them for the same

9  fixed price as a personally customized pizza.  Additionally, a number of Pieology's pre-designed

10  pizzas are virtually the same as MOD's.  For example, the topping on Pieology's pre-designed

11  pizza "#3" are mozzarella, gorgonzola, barbecue sauce, chicken, red onion, and cilantro; while

12  the toppings on MOD's pre-designed pizza "#10 [Caspian]" are mozzarella, gorgonzola,

13  barbecue sauce, barbecue chicken, and sliced red onions.

14      (d)    Like MOD, Pieology offers, in addition to pizza, a bite-sized product

15  made from pizza dough garnished with the customer's choice of either cinnamon (MOD and

16  Pieology); garlic (MOD); or "herb" (Pieology).  At MOD, this product is called a "knot."  At

17  Pieology, this product is called a "strip."

18      (e)    Like MOD, Pieology offers salads in addition to pizza and

19  "strips"/"knots."

20      (f)    Pieology's interior design bears a confusing resemblance to that of MOD.

21  For example, the "make line" at Pieology where pizzas are prepared resembles MOD's "make

22  line" insofar as the customer's order is taken in a similar manner and the employee constructing

23  the pizza does so in full view of the customer, with ingredients displayed and assembled along a

24  long, horizontal counter.  Additionally, among other similarities, Pieology's interior signage,

25  furniture, surface materials (e.g., laminates), table layout, banquette seating, flooring material,

26  lighting, exposed ductwork, and roll-up garage door bear a confusing resemblance to those of

MOD.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2:12-cv-01359-TSZ
52258-002\ 1793058.docx                                -10-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1    (g)    Pieology's menu, in its presentation, layout, and formatting, bears a

2    confusing resemblance to MOD's menu.

3    (h)    Like MOD, Pieology sells Hostess "Ding Dongs" individually wrapped in

4    aluminum foil for $1.00 each.  Like MOD, Pieology even displays the Ding Dongs on a circular,

5    metal stand placed next to the restaurant's cash registers so that customers may purchase one as

6    they are checking out.  And while they are checking out, Pieology's customers stand under a

7    "Pay Up" sign that is very similar to signs found above the cashiers at MOD.

8    (i)    Pieology, like MOD, presents its cooked pizzas on a round tray lined with

9    brown wax paper with the customer's name handwritten in black marker; and like MOD, the

10    cooks at Pieology shout out the customer's name when his order is ready.

11    (j)    The size of the pizzas at Pieology are virtually identical to those sold at

12    MOD and bear the same slightly puffed, crispy, and charred edges yielded by high-temperature

13    cooking in a gas-fired display oven.

14    28.    Defendants' use of confusingly similar imitations of Plaintiff's trade dress is

15    likely to deceive, confuse, and mislead prospective purchasers and purchasers into believing that

16    Pieology is authorized by, or in some manner associated with, Plaintiff, which it is not.  Indeed,

17    actual customer confusion of Pieology with MOD has already occurred.  This actual and

18    likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of

19    Plaintiff's trade dress, trade secrets, and confidential information is causing irreparable harm to

20    the goodwill created by MOD's trade dress and dilutes the distinctiveness of MOD's trade dress.

21    29.    MOD has been and continues to be deprived of the benefits of its contractual

22    agreements with Mr. Markham and Chang.

23    30.    On information and belief, Defendants knowingly, willfully, intentionally, and

24    maliciously adopted and used Plaintiff's trade secrets, confidential information, and confusingly

25    similar imitations of Plaintiff's trade dress.

26    31.    Pieology publicly represents that it is "fast expanding" and, on information and

belief, is actively pursuing an additional location and potential franchise opportunities.  As part

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2:12-cv-01359-TSZ

52258-002\ 1793058.docx                                    -11-

1   of these expansion efforts, LBBP formed Franchise sometime in August 2012 as a vehicle for

2   licensing franchisees who desire to own and operate their own Pieology restaurants. Franchise

3   enters into and executes franchising and area development agreements with franchisees on behalf

4   of Defendants.  On information and belief, Franchise has already entered into numerous

5   franchise and area development agreements and is (or will be) the entity directly receiving

6   upfront franchise fees and ongoing royalties from Pieology franchise operators.  On information

7   and belief, this expansion will involve Defendants' continuing to engage in the misconduct

8   described herein and substantially increase MOD's damages and the likelihood of confusion to

9   consumers.

## IV.   CLAIMS AND CAUSES OF ACTION

### Count 1:  Trade Dress Infringement Under 15 U.S.C. § 1125(a)

1.   Plaintiff realleges the preceding paragraphs and incorporate them by reference.

2.   MOD's trade dress, as embodied by a distinctive combination of design, look,
feel, menu, and style of service, is nonfunctional.  In other words, the total sensory experience,
including the visual appearance and ambiance, of MOD's restaurants constitutes protectable
trade dress.

3.   MOD's trade dress is one of a virtually infinite number of ways of designing a
pizza restaurant, and protecting MOD's unique and distinctive combination of design and service
elements will in no way deprive other pizza restaurants of operational efficiencies or functional
effectiveness.

4.   MOD's trade dress serves a source-identifying role because it is sufficiently
distinctive as to be capable of identifying and distinguishing MOD as the source of MOD's
products and services in the minds of consumers.

5.   Through their use of confusingly similar imitations of Plaintiff's trade dress,
Defendants have created a likelihood that the public will be misled into believing that Pieology's
products and services are actually MOD's or somehow affiliated with or approved by MOD,
which they are not.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2:12-cv-01359-TSZ
52258-002\ 1793058.docx                                        -12-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

6.      Defendants' activities, as described in the preceding paragraphs, have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion of members of the public and pecuniary injury to Plaintiff.  MOD's damages, including pecuniary harm, may not be fully compensable through monetary relief, and as such, Plaintiff lacks an adequate remedy at law.  Moreover, Defendants' infringement of trade dress has been willful and intentional, such that this is an exceptional case under 17 U.S.C. § 1117(a)(3).

### Count 2:  Misappropriation of Trades Secrets Under RCW 19.108 et seq.

7.      Plaintiff realleges the preceding paragraphs and incorporates them by reference.

8.      MOD's trade secrets consist of information, including designs, methods, formulas, techniques, studies, and processes, that derive independent economic value from not being generally known to, and not being readily ascertainable through proper means by, persons who can obtain economic value from their disclosure or use.  Among other things, MOD's trade secrets include its dough and sauce recipes; specific cooking equipment and pizza-making techniques; and confidentially developed trade names, design elements, and branding concepts, including the "Pieology" name.

9.      MOD's trade secrets (including recipes and pizza-making techniques) are responsible for the unique flavor and texture of MOD pizzas, which keep customers coming back to eat at MOD again and again.

10.     MOD has made efforts that are reasonable under the circumstances to maintain the secrecy of its trade secrets.

11.     Defendants—through and in concert with Mr. Markham—have directly, vicariously, and/or contributorily misappropriated MOD's trade secrets.

12.     Defendants are continuing to misappropriate MOD's trade secrets without Plaintiff's authority or consent and without compensation to MOD.

13.     Plaintiff has been harmed by Defendants' misappropriation of MOD's trade secrets in an amount to be proved at trial. Moreover, to the extent that the harm to MOD resulting from Defendant's misappropriation of MOD's trade secrets and confidential

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2:12-cv-01359-TSZ

52258-002\ 1793058.docx

-13-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1    information cannot be fully compensated by money damages, MOD has no adequate legal

2    remedy and injunctive relief is necessary. The harm to MOD is ongoing and will continue unless

3    and until Defendant's misappropriation is permanently enjoined.

4                    **Count 3:  Tortious Interference with Contractual Relations**

5            14.    Plaintiff realleges the preceding paragraphs and incorporate them by reference.

6            15.    Mr. Markham entered valid and enforceable contracts with Plaintiff, including the

7    Member Agreement (which itself included an employment agreement); Contribution Agreement;

8    Assignment Agreement; and Separation Agreement (which itself included a noncompete

9    agreement) referenced above.

10           16.    Defendants were aware of Mr. Markham's contracts with Plaintiff.

11           17.    Defendants wrongfully induced or encouraged, by unlawful means, Mr. Markham

12   to breach various provisions of his contracts with Plaintiff, including, for example, by breaching

13   the obligation of confidentiality.

14           18.    Plaintiff has been damaged by Defendants' interference with Plaintiff's

15   contractual relations with Mr. Markham in an amount to be proved at trial.

16                            **Count 4:  Breach of Contract**

17           19.    Plaintiff realleges the preceding paragraphs and incorporate them by reference.

18           20.    One or more Defendants entered valid contractual agreements with Plaintiff,

19   including an agreement that Defendants would be bound by the terms of the LLC Agreement.

20   The LLC Agreement includes confidentiality provisions requiring Defendants to maintain the

21   confidentiality of sensitive financial and other business information provided pursuant to

22   membership in MOD.

23           21.    Defendants breached that agreement by, among other things, revealing, divulging,

24   and making known, without due authority, MOD's proprietary and confidential information.

25           22.    Plaintiff performed its obligations under its contractual agreements with

26   Defendants.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2:12-cv-01359-TSZ

52258-002\ 1793058.docx

-14-

23.     Plaintiff has suffered damages, including, among other things, infringement of its trade dress, loss of goodwill, and loss of the benefit of its bargain.

24.     Defendants' breach of their agreements with Plaintiff have proximately caused Plaintiff damages.

### Count 5:  Civil Conspiracy

25.     Plaintiff realleges the preceding paragraphs and incorporates them by reference.

26.     Defendants combined with Mr. Markham to accomplish unlawful purposes, including trade dress infringement; misappropriation of trade secrets; tortious interference with contractual relations; and breach of Defendants' and Mr. Markham's respective contractual duties to Plaintiff.

27.     Defendants entered an agreement with Mr. Markham to accomplish the conspiracy described herein.

28.     Plaintiff has been damaged by Defendants' conspiracy with Mr. Markham in an amount to be proved at trial.

### Count 6:  Permanent Injunctive Relief

29.     Plaintiff realleges the preceding paragraphs and incorporate them by reference.

30.     Defendants' activities, as described in the preceding paragraphs, have caused and, unless enjoined by this Court, will continue to cause:  a likelihood of confusion of members of the public; further misappropriation of Plaintiff's trade secrets; further tortious interference with Plaintiff's contractual relations with Mr. Markham; further breaches of Defendants' contractual obligations to Plaintiff; and, additionally, injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

31.     Plaintiff lacks an adequate remedy at law as the harm caused by Defendants is of a kind and degree that may not be readily measurable and/or is not compensable by money damages alone.

32.     Plaintiff therefore requests that the Court grant Plaintiff permanent injunctive relief from Defendants' misconduct.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2:12-cv-01359-TSZ
52258-002\ 1793058.docx

-15-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1

## V.  JURY DEMAND

2    Plaintiff demands trial by jury on all issues so triable.

3

## VI.  PRAYER FOR RELIEF

4    WHEREFORE, Plaintiff seeks the following relief against Defendants:

5    A.    Permanent injunctive relief as described herein;

6    B.    An award of damages in an amount to be proved at trial;

7    C.    An award of reasonable attorneys' fees and costs to the extent permitted by law;

8    D.    Such other and further legal and equitable relief as the Court may deem just and

9 proper.

10    DATED this 12th day of November, 2013.

11                  STOKES LAWRENCE, P.S.

12

13               By:  s/ David A. Linehan
                   David A. Linehan (WSBA #34281)

14

15

16               By:  s/ Theresa H. Wang
                   Theresa H. Wang (WSBA #39784)

17

18               1420 Fifth Avenue, Suite 3000
               Seattle, WA  98101

19               (206) 626-6000
               Fax:  (206) 464-1496

20               dal@stokeslaw.com
               thw@stokeslaw.com

21

22               Attorneys for Plaintiff MOD Super Fast
               Pizza, LLC

23

24

25

26

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2:12-cv-01359-TSZ

52258-002\ 1793058.docx

-16-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2013, I caused the foregoing *Second Amended Complaint for Injunctive Relief and Damages* to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rod S. Berman
Jeffer Mangels Butler & Mitchell
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA  90067-4308
*rberman@jmbm.com*

R. Broh Landsman
Landsman & Fleming LLP
1000 Second Ave., Ste. 3000
Seattle, WA 98104
*broh@LF-law.com*

Jessica C. Bromall
Jeffer Mangels Butler & Mitchell
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA  90067-4308
*jbromall@jmbm.com*

Joel D. Deutsch
Jeffer Mangels Butler & Mitchell
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA  90067-4308
*JDeutsch@JMBM.com*


*s/ David A. Linehan*
David A. Linehan (WSBA #34281)
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA  98101
(206) 626-6000
Fax:  (206) 464-1496
dal@stokeslaw.com

Attorneys for Plaintiff

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2:12-cv-01359-TSZ
52258-002\ 1793058.docx

-17-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000